JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 680 | **DATE** | 8/15/2002 |
| **CASE TITLE** | Jacqueline Johnson vs. Spiegel, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment (Doc. No. 19-1) is granted. The clerk is directed to enter judgment in favor of Defendant and against Plaintiff pursuant FED. R. CIV. P. 56. The case is terminated. Plaintiff's motion "to order Respondent to stop threat[en]ing Plaintiff is she does not drop her complaint" (Doc. No. 28-1) is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **3** number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 16 2002 date docketed | 30 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 8/15/2002 date mailed notice | |
| | ETV | courtroom deputy's initials | 02 AUG 15 PM 3:24 | ETV |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
AUG 1 6 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE JOHNSON, | ) |
| Plaintiff, | ) 02 C 0680 |
| v. | ) U.S. District Judge |
| | ) Rebecca R. Pallmeyer |
| SPIEGEL, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacqueline Johnson has brought this *pro se* civil action pursuant to 42 U.S.C. § 2000e. Plaintiff claims that her former employer, Spiegel, Inc., retaliated against her in violation of Title VII by giving negative references to prospective employers because Plaintiff filed charges of race- and disability-based discrimination in 1990 and 1992. Defendant moves for summary judgment, arguing that Plaintiff's complaint was filed outside the 90-day window set forth in the "right-to-sue" letter she received from the EEOC. For the reasons stated in this order, the motion is granted.

The standards that govern this motion are familiar: Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). In determining whether factual issues exist, the court must draw all reasonable inferences in the light most favorable to the non-moving party. *Id.* If the moving party meets its burden, the responding party must then "come forward with facts 'sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.' "

*Celotex*, 477 U.S. at 322; *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996), *quoting Celotex*, 477 U.S. at 322.

## **FACTS AND PROCEDURAL BACKGROUND**

The following facts are undisputed for purposes of this motion: Plaintiff, Jacqueline Johnson, is a former employee of Spiegel's Warehouse in Chicago, Illinois. (Defendant's Ex. 1, Memorandum Opinion and Order entered in *Johnson v. Spiegel, Inc.*, No. 95 C 2330, 1996 WL 627639 (N.D. Ill. Oct. 28, 1996) (Marovich, J.).) Plaintiff was employed at Spiegel from August 31, 1987, until her termination on April 27, 1990. 1996 WL 627639, *1.

Since her discharge in 1990, Plaintiff has filed numerous lawsuits against Spiegel, including actions and appeals before the Circuit Court of Cook County, the Illinois Court of Appeals, the Illinois Supreme Court, the U.S. District Court for the Northern District of Illinois, the U.S. Court of Appeals for the Seventh Circuit, and at least three workers' compensation actions before the Illinois Industrial Commission. (Defendant's Statement of Undisputed Material Facts, ¶ 15; Defendant's Ex. 8, orders from Plaintiff's various prior actions; Plaintiff's Statement of Material Facts, ¶ 15.) Spiegel has prevailed in every prior proceeding. (*Id.*)

On August 26, 1999, Plaintiff filed a charge of discrimination against Spiegel with both the Equal Employment Opportunity Commission (hereinafter, "EEOC") and the Illinois Department of Human Rights. (Amended Complaint, p. 2, ¶ 7.) Plaintiff claimed that Spiegel was retaliating against her for her past litigation by giving negative references to prospective employers. ("Charge of Discrimination," unmarked exhibit attached to amended complaint.)

On October 4, 2001, the EEOC issued Plaintiff a notice of its termination of the matter. ("Dismissal and Notice of Rights," unmarked exhibit attached to amended complaint.) The notice advised Plaintiff of her right to bring suit in court. (*Id.*) The right-to-sue letter stated:

2

> **Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost.

(*Id.*; emphasis and capitals in original.) The notice was sent to Plaintiff's home address by certified mail. (*Id.*)

The U.S. Postal Service attempted to deliver the right-to-sue notice on October 5, 2001, October 19, 2001, and October 24, 2001. (Docket #7, copy of envelope bearing right-to-sue letter.) Plaintiff retrieved the letter from the post office on or about October 31, 2001, twenty-six days after it was first posted. (Affidavit attached to original complaint.)

On January 25, 2002, 113 days after the EEOC issued its right-to-sue letter, Plaintiff initiated this lawsuit. (*See* Doc. No. 1; file-stamped original complaint.) A handwritten but notarized statement accompanying the complaint declared, "To whom it may concern: I had been sick and away from home, be[ing] cared for by my mom. I didn't get the right to sue until on or around October 31st 2001. After that I had been sick and unable to do a lot of moving around." (Unmarked exhibit to original complaint.)

Plaintiff was employed by the Chicago Public Schools and worked at the Chicago Vocational High School from June 6, 2001, until November 28, 2001. (Defendant's Exhibit 6, certified employment records from the Keeper of Records for CVS High School.) During the month of October, at which time Plaintiff claimed to have been ill and away from home, she reported to work at the Chicago Vocational School every day, with the exception of October 8, 29, 30 and 31, 2001. (*Id.*) During her entire employment with the Chicago Public School, Plaintiff resided at 10305 S. Bensley Avenue in Chicago (the same address where the EEOC notice was sent). (*Id.*) The Chicago Vocational High School is located about two and a half miles from Plaintiff's residence. (Defendant's Exhibit 7, Yahoo! Map driving directions.)

## DISCUSSION

**Timeliness of Plaintiff's Complaint**

A plaintiff has ninety days from the receipt of her "right to sue" in which to file suit in court. *See* 42 U.S.C. § 2000e-5(f)(1); *Houston v. Sidley & Austin*, 185 F.3d 837, 838 (7th Cir. 1999). "The time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal." *Davis v. Browner*, 113 F. Supp.2d 1223, 1225 (N.D. Ill. 2000), *relying on Thomas v. United Parcel Serv.*, No. 99 C 6258, 2000 WL 290279, at *2 (N.D. Ill. Mar. 17, 2000) (Kocoras, J.); *see also Wilson v. Doctors Hospital*, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (dismissing Title VII lawsuit filed by *pro se* plaintiff ninety-one days after her receipt of the right to sue letter); *Brown v. City of Chicago*, No. 96 C 3078, 1998 WL 704278, at *3 (N.D. Ill. Sep. 30, 1998) (Williams, J.) (Title VII lawsuit filed by *pro se* plaintiff ninety-three days after his receipt of right-to-sue letter was untimely).

The ninety-day period generally begins to run upon the plaintiff's actual receipt of the right-to-sue notice rather than the date of the notice. *Houston*, 185 F.3d at 838; *St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir. 1984), *citing Archie v. Chicago Truck Drivers Union*, 585 F.2d 210 (7th Cir. 1978). "Fortuitous circumstances or events beyond his or her control" which delay receipt of the EEOC notice do not cause the plaintiff to forfeit the right to bring suit. *St. Louis*, 744 F.2d at 1316. "[C]laimants who do not receive actual knowledge of their right-to-sue letter through no fault of their own should not be penalized." *Id.* A plaintiff must take reasonable steps to ensure receipt of the right-to-sue letter, however, and cannot take advantage of the actual-notice rule when the delay is the plaintiff's fault. *Id.*; *see also Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001).

In *St. Louis*, the Seventh Circuit held that the plaintiff could not rely on the date he received his right to sue letter as triggering the ninety-day statute of limitations because the delay had been caused by the plaintiff's own failure to notify the EEOC of his new address. 744 F.2d at 1316.

4

Similarly, in *Bobbitt*, the Court of Appeals rejected the plaintiff's argument that her frequent travels prevented her from receiving the right-to-sue notice earlier. The court found that the delay was caused by the plaintiff's own failure to check her mail: *Id.*

> To invoke the "actual notice" rule set forth in *Houston* [*supra*], Bobbitt was required to pick up her letter "within the time that the Post Office's notice gives her before it will be returned to the sender." *Houston*, 185 F.3d at 839. Bobbitt's failure to monitor her mail . . . precludes her from relying on the "actual notice rule." *Houston*, 185 F.3d at 839; *St. Louis*, 744 F.2d at 1317.

*Bobbitt*, 268 F.3d at 539.

In this case, Plaintiff justified her delayed receipt of the EEOC's right-to-sue notice by explaining in a sworn statement that she was ill, away from home, and being cared for by her mother. Defendant has established--and Plaintiff does not contest--that she was not, in fact, house-bound during the time period in question, nor did her alleged illness prevent her from appearing for work at a high school two-and-a-half miles from her home. The court concludes that neither illness nor Plaintiff's absence from home prevented her from retrieving her EEOC notice in a timely manner. In an unsuccessful attempt to defeat the inference that her sworn statement was misleading, Plaintiff now suggests that she was sick and away from home only *after* October 31, 2001. But that characterization of her statement is implausible. As noted, Plaintiff's notarized statement reads in its entirety, "I had been sick and away from home, be[ing] cared for by my mom. I didn't get the right to sue until on or around October 31st 2001. *After* that I had been sick and unable to do a lot of moving around." (*See* unmarked exhibit to complaint; emphasis added.) Plaintiff's statement plainly refers to her failure to retrieve her EEOC notice in a timely manner. In any event, whether or not Plaintiff had difficulties after October 31, there was no reason for her to explain any subsequent impediments to taking action in this case once Plaintiff received her right-to-sue letter: Plaintiff did file suit within ninety days of picking up her EEOC notice on October 31, 2001.

In response to Defendant's motion for summary judgment, Plaintiff now articulates a new reason for waiting more than three weeks to retrieve her letter from the EEOC: she asserts for the first time that she never received notification of the right-to-sue letter prior to October 31, 2001. Plaintiff now maintains, "Plaintiff's husband checks the mailbox daily, and can verify, that no notice's [sic] attempt came to 10305 S. Bensley Ave from the 5th to the 24th of October and several days beyond, other than the one dated October 31st 2001." (Plaintiff's Response at p. 4.)

For several reasons, the court concludes this statement is not sufficient to defeat summary judgment. First, unsupported statements in a brief are not evidence and cannot be given any weight. See, e.g., In the Matter of Morris Paint and Varnish Co., 773 F.2d 130, 134 (7th Cir. 1985). By Minute Order of June 25, 2002, the court mailed Plaintiff a copy of Local Rule 56.1, which outlines the requirements for opposing a motion for summary judgment. Plaintiff has nevertheless failed to provide an affidavit or any other evidence in support of her assertion that her husband regularly checked the mail and found no notice of attempted delivery of a certified letter.

Second, and more importantly, Plaintiff's assertion suggests dissembling. In conducting its threshold review of the complaint pursuant to 28 U.S.C. § 1915, the court noted (among other deficiencies) that the complaint on its face appeared to be untimely because the right-to-sue notice was dated October 4, 2001, and Plaintiff did not file suit until January 25, 2002. See Minute Order of January 31, 2002. The court accordingly directed Plaintiff to show proof of the date of receipt of the right-to-sue letter. Explicitly relying on Plaintiff's representation that she was "sick and away from home" and therefore unable to retrieve her EEOC letter sooner, id., the court allowed Plaintiff to proceed on her claims. Although specifically directed to address the timeliness issue, Plaintiff made no effort to correct the court's apparent misapprehension concerning the reasons for her delay in picking up the EEOC decision.

Only now, when Defendant has impeached Plaintiff's earlier explanation, has Plaintiff abandoned her claim that she was unable to receive notice sooner because she was ill and away from home. In her new proffered explanation for her failure to retrieve her EEOC notice in a timely manner, Plaintiff offers no explanation of the reason that at least three prior notices sent by certified mail and documented by the U.S. Postal Service were not received. The lack of explanation is particularly troubling when the fourth and final notice sent to the same address did somehow reach her.

Plaintiff asserts that "[t]he dates on the certified envelope doe (sic) not prove, that notices were ever left at Plaintiff's home." (Plaintiff's memorandum opposing summary judgment at p. 6.) Plaintiff goes on to argue that Defendant "can't and has not proven Plaintiff ever received any notices." (*Id.*) But as Plaintiff acknowledges in her own brief, the burden lies with her, and not Defendant, to produce facts explaining why she did not get the letter within the time frame specified by the U.S. Postal Service. *Watson v. BorgWarner Transmission Systems, Inc.*, No. 00 C 5543, 2001 WL 474312, *2 (N.D. Ill. 2001), *citing Houston*, 185 F.3d at 840, n. 5; *see also Jones v. Motorola, Inc.*, No. 00 C 6439, 2001 WL 864273, *5 (N.D. Ill. 2001) (where the plaintiff merely stated that he did not receive the EEOC letter until he went to pick it up, with no explanation why he did not retrieve it in a timely manner, his assertion was insufficient to confer the benefits of the actual notice rule).

In this case, Plaintiff has failed to meet her burden of production. Plaintiff was not prevented from getting notice of the EEOC decision on account of absence or illness, as she earlier contended, nor has she demonstrated to the court's satisfaction that she received no notice prior to October 31, 2001. *Compare Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 705 (3rd Cir. 1988) (district court properly disregarded conflicting evidence where no explanation

was offered for contradictions with prior sworn testimony and where the new statements were made only after the plaintiff "faced almost certain defeat in summary judgment.")

Where, as here, a plaintiff has not established that she is entitled to invoke the "actual notice" rule, the court "must apply the traditional presumption that the right to sue letter was received five days after it was issued. . . ." *Watson*, 2001 WL 474312 at *2 (the plaintiff's assertion that she did not receive the EEOC's letter from the Post Office was insufficient in light of her failure to provide facts demonstrating she was not at fault), *citing Lloyd v. Sullivan*, 882 F.2d 218 (7th Cir. 1989). *See also Luttrell v. O'Connor Chevrolet, Inc.*, No. 01 C 0979, 2001 WL 1539045, *1 (N.D. Ill. Nov. 30, 2001) (where the plaintiff failed to prove that her failure to retrieve the EEOC was not her fault, she could not avail herself of the "actual notice" rule and the five-day presumption applied).

The EEOC's right-to-sue notice was first mailed on October 5, 2001. Five days after that was October 10, 2001. Plaintiff was therefore required to file suit within ninety days of the date of her constructive receipt–that is, by January 8, 2002. Because Plaintiff waited until January 25, 2002, to file suit, her claims are time-barred. Defendant is consequently entitled to judgment as a matter of law. In light of this disposition, the court has no occasion to reach the substantive merit of Plaintiff's claims but notes the possibility that the lengthy time lapse between Plaintiff's early 1990 EEOC charges and the allegedly retaliatory action may be considered "counter-evidence of any causal connection." *See, e.g., Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 615 (7th Cir. 2001). The court likewise declines to address Defendant's argument that this lawsuit, filed twelve years after Plaintiff was last employed by Defendant and seven years after the facility where she worked was closed, constitutes an abuse of the judicial process.

**Defendant's Alleged "Threats"**

As a final concern, Plaintiff's motion "requesting the court to order Respondent to stop threat[en]ing Plaintiff if she does not drop her complaint" is denied as moot. Under Rule 68 of the Federal Rules of Civil Procedure, Defendant was permitted to make an Offer of Judgment. The rule specifically provides, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." FED. R. CIV. P. 68. Defendant's offer, which simply quoted the language of the rule, cannot reasonably be characterized as a threat. Furthermore, Defendant did not act unreasonably in sending a follow-up letter warning Plaintiff that Defendant intended to enforce its rights if she did not voluntarily dismiss the case once Defendant learned of her misrepresentations to the court. In any event, the matter is now moot in light of the court's entry of summary judgment in favor of Defendant.

## CONCLUSION

For the reasons set forth in the preceding pages, the court concludes there is no genuine dispute as to any material fact, and that this action is barred by Plaintiff's failure to file a timely complaint.

Defendant's motion for summary judgment [Doc. No.19] is granted. The clerk is directed to enter judgment in favor of Defendant and against Plaintiff pursuant to FED. R. CIV. P. 56. The case is terminated. Plaintiff's motion "to order Respondent to stop threat[en]ing Plaintiff if she does not drop her complaint" [Doc. No. 28] is denied as moot.

ENTER:

Dated: August 15, 2002

REBECCA R. PALLMEYER
United States District Judge

9